IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jerome Lawrence, | ) |
| *Plaintiff,* | ) ) ) ) |
| -*vs*- | ) No. 18-cv- ) |
| Thomas Dart, Sheriff of Cook County, Cook County, Illinois, and Dr. Brenda Taylor, | ) ) ) ) ) |
| *Defendants.* | ) ) ) ) |

# COMPLAINT

Plaintiff Jerome Lawrence, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. § 1343.

2. Plaintiff Jerome Lawrence is an inmate at the Cook County Jail assigned booking number 2015-0913073.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Brenda Taylor is a dentist employed by defendant Cook County. Dr. Taylor is sued in her individual capacity.

5. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating

the needs of disabled prisoners remanded to the Sheriff of Cook County, the healthcare for inmates at the Jail, and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6. Defendants Dart and Cook County have received federal financial assistance since at least 2014.

7. Plaintiff is significantly limited in the activity of hearing and communicating. Prior to entering the Cook County Jail plaintiff used a variety of auxiliary aids to hear and communicate.

8. Plaintiff was processed into the Jail on September 13, 2015. During this intake process, the Jail's medical staff determined that plaintiff is hard of hearing and caused an alert to be entered in the Jail Management System that plaintiff is "hearing impaired."

9. Plaintiff is deprived the benefit of programs, services, and activities at the Jail because of his substantial hearing impairment. For example, plaintiff experiences hardship using the standard jail telephone on his assigned living unit because he is hard of hearing. In an attempt to accommodate plaintiff, defendants have a policy to allow plaintiff to use the dayroom phone for about 15 minutes during a set time when inmates assigned to plaintiff's living unit are locked down. This policy is not consistently followed by the correctional staff and causes plaintiff to be deprived the benefit of telephone services because non-hard of hearing inmates may use the telephone anytime when allowed to be in the dayroom. As a result plaintiff is deprived the benefit of the telephone as

compared to non-disabled inmates as a result of his substantial hearing impairment.

10. Plaintiff also experiences significant hardship hearing and communicating when assigned to his Division 10 dayroom because defendants Dart and Cook County do not provide plaintiff with auxiliary aids to hear and communicate. As a result, plaintiff is unable to communicate and hear correctional and medical staff and interact with inmates assigned to his tier on the same basis as inmates without a substantial hearing limitation. In addition, plaintiff is unable to enjoy the benefit of the television because he is not provided an accommodation to hear.

11. Plaintiff has made verbal and written requests for the Jail to remedy the above described wrongdoing.

12. Defendants refuse to remedy the above described wrongdoing.

13. In addition, beginning in approximately September 2017, plaintiff started to experience significant dental pain caused by a broken molar on the top left side of his mouth.

14. Pursuant to the Jail's policy, plaintiff has submitted written requests for medical care.

15. Although plaintiff was examined by defendant Dr. Taylor within weeks of submitting a written request for medical care, Dr. Taylor did not treat the broken tooth.

16. Following the visit with Dr. Taylor, plaintiff submitted many additional written requests for treatment and communicated with Dr. Taylor that he suffered significant dental pain.

17. Dr. Taylor did not take any reasonable measure to treat plaintiff's tooth or alleviate his significant dental pain.

18. Plaintiff was not treated until on or about January 3, 2018 when his tooth was extracted by an oral surgeon at Stroger Hospital.

### Count 1: ADA/RA Violations at Cook County Jail Relating to Substantial Hearing Impairment

19. Plaintiff is hard of hearing and qualified as a person with a disability protected by the ADA and Rehabilitation Act.

20. For the reasons above stated, defendants Dart and Cook County deprive plaintiff the benefit of various programs, services, and activities as a result of his disability.

21. Defendants Dart and Cook County have been deliberately indifferent to plaintiff's rights under the ADA and Rehabilitation Act.

### Count 2: Dart and Cook County Deliberately Indifferent To Plaintiff's Serious Dental Pain

22. In 2011, defendant Cook County concluded that the dental needs of the detainees at the Cook County Jail required that an oral surgeon be employed to work fulltime at the Jail.

23. Defendant Cook County refused to allocate sufficient funds to hire an oral surgeon and, as a result, the position remained vacant through at least January 1, 2018.

24. As a result of the refusal of defendant Cook County to fill the vacant oral surgeon position at the Jail, plaintiff and other detainees needing specialized care could only be treated by an oral surgeon at Stroger Hospital.

25. Defendant Cook County has delegated the scheduling function to its "Scheduling Department," which at all times relevant has consisted of several civilian employees who do not have formal medical training and who are not supervise by medical providers.

26. On September 10, 2013, Dr. Jorelle Alexander, the County's director of Oral Health, emailed the Jail's chief dentist identifying the current process for scheduling is inefficient and that return appointments as well as grievances and Health Service Request Forms are not being scheduled appropriately.

27. Defendant Dart is aware that inmates experience avoidable suffering because of the policy to delegate the scheduling function to the Cermak Office of "Patient Scheduling."

28. Defendant Dart has taken no meaningful action to remedy the policy to schedule inmates for dental care. Defendant Dart knows inmates in his custody suffer avoidable pain for no penological purpose as a result of the policy to schedule inmates for dental care.

29. Plaintiff experienced avoidable suffering, gratuitous pain, and incurred personal injuries while he waited to be treated by an oral surgeon.

30. Defendants Dart and Cook County enforced a policy or widespread equivalent practice to be deliberately indifferent to inmates with serious dental pain. These policies or widespread equivalent practices caused plaintiff to suffer gratuitous dental pain.

### Count 3: Deliberate Indifference by Defendant Dr. Taylor

31. During most of the time plaintiff was in dental pain, defendant Taylor was the dentist assigned to plaintiff's division and the dentist responsible for his treatment.

32. Soon after plaintiff began experiencing dental pain, defendant Taylor saw plaintiff and knew that he required an extraction to treat his serious dental pain.

33. Because of the serious nature of plaintiff's injury, defendant Taylor referred plaintiff for an extraction at Stroger Hospital.

34. Defendant Taylor also knew that plaintiff's treatment would not be complete until he had oral surgery at Stroger.

35. At all relevant times, defendant Taylor had no knowledge how a patient in extreme dental pain would be scheduled for treatment.

36. Defendant Taylor also knew that plaintiff's serious dental condition would deteriorate the longer treatment was delayed and that plaintiff would suffer acutely.

37. Defendant Taylor did not take any effort to ensure that plaintiff would be scheduled and receive timely treatment.

38. Defendant Taylor was deliberately indifferent to plaintiff's serious dental condition and caused plaintiff to suffer severe dental pain.

39. The above described wrongdoing causes plaintiff physical and emotional pain and discomfort.

40. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that the Court fashion prospective relief; that compensatory damages be awarded against all defendants; and that punitive damages be awarded against defendant Taylor. Finally, plaintiff requests that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
patrickmorrissey1920@gmail.com
(773) 233-7900

George Bliss
2138 S. Indiana Ave, Unit 806T
Chicago, IL 60615
gjbliss@gmail.com
(312)952-0151

*Attorneys for Plaintiff*